Oral argument not to exceed 15 minutes per side is to degrade the economist. Good morning, Your Honor. My name is Dan Ray. I'm from the Knox County, Tennessee Bar, and I would like to reserve five minutes of my time for rebuttal. Yes. Your Honor, we are here today because my client, a Chapter 7 debtor, Chapter 7 bankruptcy debtor named Rafia Khan, has been denied a hearing. She's been denied a hearing on the merits of her claim that she brought in the bankruptcy court in an adversary proceeding that a home equity line of credit mortgage held by Regions Bank is void. She claimed in her adversary proceeding that that home equity line of credit mortgage should be held void under Section 506D of the Bankruptcy Code. The bankruptcy judge decided that Ms. Khan was not entitled to a hearing on that claim because she had no standing to bring that claim. Standing under 506D is actually governed by 502A of the Bankruptcy Code, which entitles any party in interest to object to the allowance of a claim that's filed by a creditor. And party in interest is an undefined term in the Bankruptcy Code. Ms. Khan, as a bankrupt debtor, was certainly a party. She was claiming an interest, an exemption interest, in her home in her bankruptcy petition. Hadn't she waived that, though? This centers on that homestead exemption, is that correct? Yes, Your Honor. Okay. And wasn't that, in essence, the claim to that was somehow waived? And can you do that? Yes, Your Honor. The claim is in the very mortgage where it's at issue. There's a waiver provision of the homestead exemption. Right. And we're objecting to that. We say that that mortgage is void. For reasons under state law, for manipulations and things that happened under state law, that that mortgage is void, null and void. That waiver is of no effect. And that Ms. Khan is entitled to her homestead exemption. The purpose of this proceeding under the… But doesn't that just put the money back into the bankruptcy estate? No, Your Honor. Her homestead exemption is hers. It comes to her. It's not part of the estate. No, Your Honor. A homestead exemption under the bankruptcy code entitles the debtor as part of her fresh start. That's the policy of the bankruptcy code. As part of her fresh start, she gets some minimal assets back from the estate. One of those is the homestead exemption. From the estate. It's part of the estate that she gets it back from. It comes back from the estate. It's subtracted from the estate. Yes, Your Honor. And it's… So the amount of it isn't something that she can litigate, though? Yes, Your Honor. She's… The Tennessee homestead exemption is $25,000. She's entitled to have that subtracted from the estate. It comes back to her. And what also comes back to her is her equitable right to live in her house. That also is of extremely important interest to Ms. Khan. She's paying… She reaffirmed the first mortgage on her house. She's paying that. She has a right to live in that house. That's of critical importance to her. Not to mention the $25,000 value Tennessee law puts on it. That is her property. Under bankruptcy law, that is her property because it's exempt from the bankruptcy estate. And what she is trying to do in this case is she's trying to have the mortgage that declares that this homestead exemption is waived, she's trying to have that declared void under Section 506D of the bankruptcy code. And under the way these bankruptcy code provisions work together, that provision, that mortgage is void if Regents Bank's claim against Ms. Khan is disallowed under Section 502. She has brought a disallowance adversary proceeding against Regents Bank under 502 to have the claim against her disallowed that Regents Bank has because it's an illegitimate claim, it's an invalid claim under state law, and to have the mortgage declared void under 506D because the mortgage itself is void under state law and under 506D both. And, Your Honor, Ms. Khan is entitled to a right to a hearing under all of these provisions under Section 522. That's the exemption provision of the bankruptcy code. The exemption provisions are a critical part of the fresh start provisions of the bankruptcy code. Ms. Khan, as a bankrupt debtor, is entitled to a fresh start in her economic life. 522C specifically says that a pre-petition lien, a pre-bankruptcy petition lien on a debtor's exempt property is of no effect. It's permanently gone if, unless it falls with one of the exceptions to 522C, one of the exceptions is if it's not void under 506D. And that's what we want a hearing on. That's what we want a hearing on. We want to have a hearing on the issue of whether or not this mortgage is void or not void under 506D. And we respectfully submit... Whether or not it's void, according to you, will affect whether she gets the $25,000 or not. Yes. Whether she has a right to continue living in her house. Both, yes. If it's void, she gets to live in her house. If the property is sold in bankruptcy, I doubt it will be, but if it's sold, she gets $25,000 before any creditors because it's exempt. And if it's void, she gets it. It's her property. And it's not... We're not claiming third-party rights, third-party standing of the trustee in bankruptcy. The exemption from the bankruptcy estate is Ms. Khan's own property. It's first-party standing. It's not in the estate? It's in the estate, but it's subtracted from the estate. So if it's in the estate, then it belongs to the trustee, right? Your Honor, the idea of exemptions under the bankruptcy code is the exempt part of the property is subtracted from the estate and goes back to the debtor. Right. But that doesn't... It seems like that wouldn't give her the right to litigate various aspects of how much money is in the estate. I thought that was the trustee that got to do that. It gives her an interest. Her exemption is her interest that she can claim as a party in interest to object to a claim... And would that give her standing to challenge any of the various issues that the trustee would be able to challenge? No, no. Why is this one different? Because it gives her standing to object to the claim of one creditor that filed a proof of claim against her home and against property she had already requested an exemption for. She had already, in her petition, she requested a homestead exemption for her property, her home. And time went by, she got it. Actually, under Supreme Court precedent, she actually got the exemption because the time went by without an objection. So a region's bank comes in and files a proof of claim saying, wait a minute, we have a lien on this home. And this lien, this mortgage, weighs the exemption, so we get it. And we have a right to have a hearing on that under 522. That's our exemption. We have a right to have a hearing on it. She's a party in interest to that claim. She's a party in interest to the objection to the claim because how the objection is ruled on will affect her rights. Her right to live in her home, her right to get $25,000 if the property is sold. And, Your Honor, this is a no-asset case. The property's not going to be sold. But she has a right to live in her home free and clear of the bank's lien if it's void under 506d. That's exactly what 522c says. So all we want is a hearing on the merits of this question. And I think we're entitled to it. Thank you. Michael Kelly from the Tennessee Bar. It's good to be back in the Sixth Circuit. I realize the last time I was here, my son was graduating from high school and he came and watched. And he's just graduated from college, so it's amazing how quickly time goes by. Members of the Court, let me correct. We have filed a brief that I think clearly delineates the legal position this case comes to the Court in. But I want to start by trying to address some of the incorrect information and arguments just given to you by counsel for this Chapter 7 debtor. The first thing that's important to understand is that counsel started by saying that he was trying to challenge, his purpose here is to challenge under Section 506, the lien of my client Regents Bank. First point, and he didn't reference, but is referenced in the, I don't think it's referenced in the District Court opinion, but if the Court goes back and looks at the Bankruptcy Judge's opinion, there's a case cited, which is the Talbot case. It's a Sixth Circuit case that follows DUSNIP, the Seminole Supreme Court case that talks about Chapter 7 standing, whether a Chapter 7 debtor has certain types of standing. And in Talbot, the Sixth Circuit specifically rejected the argument that a Chapter 7 debtor may use 506D to strip off a lien of Regents Bank. First answer. Second point is that he appears to be, and I didn't really realize it until this argument today, trying to re-litigate in Federal Bankruptcy Court an issue that is in the State Court of Appeals. But unresolved. Unresolved, that's exactly right. That case was stayed when he filed the bankruptcy case. And the reason Regents Bank, I filed a proof of claim for Regents was because under the local rule, first, this is a Chapter 7 bankruptcy case, so the trustee is the one, a state is created in the bankruptcy when the Chapter 7 is filed, and the trustee, as the Court indicated, is the one who has the rights in all that property of the estate. And it's the trustee. Including the Homestead property. The Homestead is a carve-out. It is true that a debtor may choose to exercise a Homestead exemption, but as we pointed out in our brief, and as Judge Steyer went to great lengths to discuss, that only occurs under Tennessee law if there is equity in the property. And by his own schedules, there is no, the debtor schedules, filed under a penalty of perjury, entitled probably to a collateral estoppel effect. Counsel conceded that it's a no-asset estate. It's a no-asset estate. So he also conceded that this probably will never be sold. So here's how things stand. There was, Regents filed a proof of claim after getting a notice from the trustee to do that. There's a local rule that requires a party with a secured claim, or potentially secured claim, to demonstrate that to the trustee. So the trustee will know whether to, how to handle that, whether to pursue the claim, to abandon the property, whatever. We did that. That's all that has happened. Well, how will the issue that he says, there's a waiver, or your mortgage documents were procured improperly, or whatever the underlying basis for the challenge is, how will that get litigated? It will get litigated in the state court case. It already was arbitrated before an arbitrator. Why do you file a proof of claim then? What's the effect of that? The proof of claim, there are, the original arbitration occurred when he sued us claiming that there had been improprieties in terms of the loan documents. We prevailed in the arbitration, and the arbitrator awarded us, found that there was no, rejected the argument to release the lien, and awarded us attorney fees and costs. Then, however, the bank had assigned the note to a third party. So when we got the notice from the trustee, and under the loan documents, the attorney fees become a claim, a lien against the property. So when I got the notice from the trustee, I filed a proof of claim explaining the situation, that insofar as there was an underlying note that had been assigned, that was someone else's claim, but we had a claim for all the attorney fees incurred under the loan documents in defending the case. That's what was there. The practical effect, and the thing that Mr. Ray doesn't seem to understand is, but the district judge focused on, is she has not suffered an injury. There must be a pecuniary or financial loss in order for a party to appeal a bank loan. He says that her injury is having a lien on the house that she's going to continue to live in. That's what I heard. That's what he claims the interest is. What's the answer to that? Well, the answer is that's going to get litigated. The answer is that does not cause a pecuniary loss. Why doesn't it cause such a loss? Because the lien is just sitting there. It's just sitting there. It's not damaging her in any way. She's in the property. She's executed a reaffirmation agreement. The trustee, as he said, is never, here's the situation, the problem. The encumbrance is no damage to her. That's correct. Not under, the encumbrance is no damage. That can't be classified as a pecuniary loss. No, Your Honor. Not simply that. But the importance is it's not hers to litigate. Maybe a better way to put it is it hasn't happened. Whose is it to litigate? It's the trustee's. Well, that's what I thought. But you said, no, it's going to be litigated in state court. I got confused. Let me back up, Your Honor. The trustee, as soon as we filed the proof of claim, the trustee could have said, I'm going to challenge that lien. I'm going to challenge it. I'm going to object to that lien. And there would have had to be a hearing on that. If there was some basis for objecting to it, he could have been litigated. And that's his to do. That's the crux of your argument. That's right. And it's not that it's in state court, but that whatever there is, the trustee could litigate. And he'll litigate. That's correct. That is the crux of the argument, that the trustee has that right to litigate. And only the trustee. And only the trustee. Now, is he going to litigate some concern having to do with whether she can stay in her house? See, that's a red herring. Okay, I just want to know the answer, though. He's not going to litigate it as a practical matter, because there's been a reaffirmation agreement, which allows her to pay the first mortgage. There's a second lien based on the lien from where we conveyed it. If there was something to it, he would litigate it. If there was something to it, he would litigate it. Why would he litigate it? Would it increase the size of the estate if he litigated it successfully? There's no evidence. That's another crucial issue. There's no evidence to think that the banks, our third lien in his schedules, she valued the property as $180,000. She's got a first mortgage of something like $100,000 that she's reaffirmed of $140,000. There's another $40,000 in a second that was assigned. Our proof of claim was for approximately $50,000. So this property, he's never going to sell it, because excluding the administrative costs, he's never going to be able to recover anything to pay the administrative costs and any unsecured creditors. So the practical effect is he's going to abandon it ultimately, unless he thinks there's... And she gets to continue living in it. So there hasn't been a foreclosure. Well, I think the other point Mr. Ray seems to be getting at is, well, maybe in the future there'll be a foreclosure. You know? Maybe in the future. And then I'd be injured. But it's another question of rightness. Nothing's happened. She's in the property. She's reaffirmed it. She's getting to stay. Now, let's say that the trustee did decide to sell the property. She doesn't have any right to stay in it. The trustee is the one with control of the property. If he did decide to make the decision to sell it, which would be completely illogical, at that point there would be the question about whether her homestead exemption is valid or not. But again, the homestead exemption only occurs, only essentially jumps into effect when there's a sale and if she has equity. So if he were to sell it, if he were to sell it, and if he were to be able to pay off the first and the second and the administrative costs, then she would get her homestead exemption. And I think if he's correctly saying... Homestead exception after these prior mortgage interests? That's exactly what the Tennessee cases say, interpreting it. We've cited about three cases in our brief, at least one of them from Judge Steyer. That's why that makes this a red herring, is it only comes into effect if and when the property's ever sold and she only gets the money. It's probably different under different other state statutes that have different exemption laws. But in Tennessee, unless there's equity, the secured creditors get paid. So that's another reason she doesn't have standing. What's the homestead exemption in Exemption 2? The homestead exemption essentially says if a person has equity in a property, let's say, to clarify, that there aren't any secured creditors. You have, like this debtor, $500,000 in liabilities and $200,000 in assets, but it's all unsecured debt. And the trustee were to say, I'm going to sell this property. Well, because there aren't any secured, she would get to keep the top $25,000. Under Tennessee statutes, there's a normal $5,000, but if you have minor children, as she does, she gets to keep the $25,000. He sells it, pays the administrative costs, she keeps the $25,000 to help in her fresh start. He can still sell it out. Yes, exactly. For counsel to suggest that somehow she has this super priority right to keep her house where there's a mortgage and substantial unsecured creditors is just poppycock. There's just not any law to that effect. What she has is a right to get that $25,000 and to keep her children out of unsecured debt that she owes. Help me understand the impact of the waiver, though, in the loan documents. We have not, we did not raise that object. So that's completely, we have not. Are you saying you're not going to enforce that? You're not seeking, as the bank, to enforce that language? That's correct. But you could. We could have, under the notice from the bankruptcy court, there's a schedule given that describes the date that she gets a discharge, which she's already gotten. She personally has been discharged. There's a deadline to object to exemptions. She put her homestead exemption in that and there was no objection filed by any creditor. So we could have, we could have filed, and I guess it's an example of how no good deed goes unpunished. There was no reason to do it because there's no equity in the property. It's an irrelevant exercise. How typical is that language in loan documents? Very typical. Have I probably waived in my mortgage? Probably. I say, I'm not, I would be misrepresenting the court if I suggested I was an expert bank lawyer, but there are a number of cases in which you'll see that issue has come up. In fact, I think some of the cases that deal, that I referenced from Judge Steyer that deal with the requirement that there be equity is that very situation. How different is the question of whether the district court had appellate jurisdiction from the question of whether there was standing before the bankruptcy court? I think that's a significant question. Of course, the cases are legion that emphasize that Article III standing, that the... I'm not talking about Article III standing. I'm talking about appellate jurisdiction versus standing in the bankruptcy court. There's only appellate jurisdiction for a party to challenge the bankruptcy court's decision if the bankruptcy court's order or judgment affected them pecuniarily. Right. So that inquiry you would say is the same as the inquiry as to whether they have standing. So all these arguments you've been making here would also support the argument that there's no appellate standing or are the arguments different? I think they're a little different. How are they different? Well, appellate standing... Bankruptcy court standing is discussed in terms of being a party in interest. Right. And typically, Chapter VII debtors are not parties in interest unless there's a surplus. Appellate standing is only if there's a pecuniary effect. So I can imagine... So it's narrower? It's narrower. Well... We have to decide that first, though, don't we, in appellate standing? You do. You do. And since there is absolutely no pecuniary... The bankruptcy court standing isn't limited to pecuniary or financial damage. There is nothing in Judge Steyer's order, this is the crucial thing, that in any way causes her pecuniary or financial loss. Nothing. All he said was, I'm not going to let her challenge this proof of claim that the banks filed. That's all. And the trustee could still come in and challenge it at a later point. But the crucial thing is he didn't award a judgment against her. He didn't reduce anything. He simply said, She's not the one to make this challenge. The challenge is for the trustee. Okay. Thank you, Counsel. Thank you. Counsel, do you agree that we have to address the appellate jurisdiction issue theoretically first before we address the standing in the bankruptcy court? Very complicated question, Your Honor, but I'll just give you that, that you do. We do? Yes. Okay. But it's a give because there's a lot of complications in that with the Supreme Court's very recent jurisdictional issues on what's jurisdictional and what's a claim. The bankruptcy court either had jurisdiction or it didn't. That's correct, Your Honor. And if it didn't, it doesn't matter what. That's correct. So we do have to address it. Yes, you have to address it. And the only thing I would point out, Your Honor, is that I believe that the issue is exactly the same as the bankruptcy court faced. So you're saying all the arguments you could make with respect to one could be made with respect to one. Yes, Your Honor. Okay. Ms. Kahn is a party in interest to a claim against her property that she has claimed as exempt in her bankruptcy petition. And, Your Honor, I think what Mr. Kelly has forgotten when he stands up here and accuses me of misrepresenting facts, what he has forgotten is that we filed a complaint, an amended complaint in this case. It was challenged on the basis of jurisdiction under Rule 12b-1. It was challenged facially. And to that circumstances, the court has to accept as true our fact averments. And Mr. Kelly has to... We're not taking into account what one attorney says the other one didn't do. I understand, Your Honor. But let me ask you this then. If I understand the argument of your opposing counsel, the homestead exemption does not apply to secured debt. It just applies to unsecured debt. Is that correct? The homestead exemption applies... Is that correct or not? Yes, Your Honor. Well, if it applies, then if you have no equity... Equity is not the right word. If the secured debt is greater than the value of the house, if that's possible, then there's no possibility of getting the $25,000. Is that correct? That's correct going into the case, yes, Your Honor. What about going out of the case? Well, there are two significant problems with that as the case proceeds. First, Your Honor, the question that it immediately raises is does the debtor have equity in the property? And here in our bankruptcy schedules, we did claim we had equity in the property. It's just a flat misrepresentation of fact to say that the schedules show no equity. The schedules clearly show equity in this home for Ms. Cobb. How can you have equity when the debt far exceeds the value of the home? Your Honor, the first mortgage is shown in the schedules as $150,000. The value of the home is shown as $180,000. So Ms. Cobb has reaffirmed the first mortgage. So she owes the first mortgage. To the extent of that first mortgage, she has no homestead exemption. But that leaves $30,000 in equity for everything else. Judge Rogers asked about the second mortgage, of course. I'm interested in that, too. The second mortgage is the one we're challenging. But the second mortgage we say is invalid. Is that the attorney's fees? Yeah. Well, the second mortgage is for both attorney's fees now and for the underlying $40,000 claim that we say is invalid also. In the loan procedures? That's your challenge to that? That those two debts are invalid debts, that they should be disallowed. But they weren't, and you were already discharged, right? We're discharging those debts, but her home is not discharged. Her home is still subject to those debts, and she will lose her home. If she wants to stay living in her home, despite what I've heard, she has to pay $90,000 in debt. Isn't that an injury? No. That's a significant injury. And your Honor, that's the whole point of this case. On the merits, we say the second mortgage is void. The second mortgage is invalid. Who took out the second mortgage? Ms. Codd did. For what purpose? It's a home equity line of credit. She took it out so she could borrow money on her home equity. OK. And that's a $50,000 second mortgage? Well, what happened is she canceled the home equity line of credit. This is an inter-amendment complaint. These are all facts, inter-amendment complaint. She canceled the home equity line of credit when there was nothing outstanding on it, and the bank came along a few days later and made a new loan to her husband. She doesn't owe that, and it shouldn't be a lien on her home. The new loan to her husband secured by this property? What? I'm sorry? The new loan to her husband secured by this property? That's what the bank says, but we deny that. We dispute that. That's the fight in the state court. That's the issue in the state court, and that's the issue here, because we say that invalidates the loan. And why wouldn't the trustee litigate that? The trustee has no interest in it. You know, the trustee stands to gain if we win, but the trustee just has no interest in that. If the lien is valid, then there's no equity. If their lien is valid, which we say it's not, but if their lien is valid, there's no equity for unsecured creditors. If the lien is invalid, we claim a $25,000 exemption in it, and we say we have it. I mean, the other answer to your question is we already have the exemption. It is our exemption right now, because they didn't object to our schedules when we filed them. The time has run for objections. And, Your Honor, it's our claim. It's our claim. It's Ms. Cahn's personal claim that this second mortgage is invalid. She claimed in her complaint equity in the property. She claimed in her schedules equity in this property. They cannot come in here on a 12B1 motion and say there wasn't any equity in that property. That is terribly improper procedure. That goes to the merits of the claim. Thank you, counsel. Appreciate your argument.